**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JORIE STERLING AND SOPHIA STERLING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-5599 |
| | ) | |
| EVANSTON TOWNSHIP HIGH SCHOOL | ) | |
| DISTRICT 202; ERIC WITHERSPOON; | ) | |
| MARCUS CAMPBELL; MARVIN RHONE; | ) | |
| MICHAEL HAYWOOD; CITY OF EVANSTON; | ) | |
| JOHN DOE EVANSTON POLICE OFFICERS | ) | |
| (1-4), | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Jorie Sterling and Sophia Sterling, by and through their attorneys, Andrew M. Stroth and Carlton Odim of the Action Injury Law Group, LLC, complain against Defendants Evanston Township High School District 202, Dr. Eric Witherspoon, Dr. Marcus Campbell, Marvin Rhone, Michael Haywood, John Doe Evanston Police Officers (1-4), and the City of Evanston and as follows:

### Nature of Action

1.      This action arises out of a long and persistent course of sexual grooming, sexual harassment, and sexual violence perpetrated against minor students at Evanston Township High School by some of its personnel acting under cover of failed, non-existent, and disregarded policies that were ostensibly administered by Dr. Eric Witherspoon, Superintendent of ETHS District 202, and by Dr. Marcus A. Campbell, Assistant Superintendent and Principal of ETHS, with the involvement of Evanston Police Officers as School Resource Officer ("SROs") ETHS

personnel under an Intergovernmental Agency Agreement between ETHS and the City of Evanston.

2.    Plaintiffs bring this action under the following federal Civil Rights statutes -- 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq. ("Title IX"); and under Illinois statutory law -- the Illinois Gender Violence Act ("GVA") Section 740 ILCS 82/1 et seq. and Illinois common law -- battery, negligent and intentional infliction of emotional distress.

3.    Plaintiffs Jorie Sterling and Sophia Sterling bring this action to redress Defendants' egregious failure to exercise reasonable care and to protect Jorie's well-being and her right to an equal education in violation of both Federal and Illinois law.

4.    Specifically, Plaintiffs seek to be made whole for the damage caused by Defendants' willful, reckless, and negligent conduct in refusing to address systemic failures and documented patterns and practices of sexual abuse of minor female students at ETHS.

5.    Defendants' conduct, failure to act, and failure to exercise reasonable care are directly responsible for giving former ETHS Safety Officer Michael Haywood ("Haywood") unfettered access to minor girls within the building and grounds of ETHS.

6.    Defendants' conduct, failure to act, and failure to exercise reasonable care not only gave sexual predators access to unlimited prey; it also created a culture whereby no ETHS employees voluntarily came forward to protect female students, including Jorie, from sexual harassment and sexual violence at the hands of Haywood.

7.    As a result of Defendants' conduct and failures, multiple female ETHS students including Jorie were subject to a prolonged period of sexual harassment and sexual violence at the hands of men appointed to ensure their safety and security.

**Jurisdiction and Venue**

8.      This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §

1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28

U.S.C. §1367.

9.      Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the

claims alleged herein occurred within the Northern District of Illinois.

**Parties**

10.      Plaintiff Jorie Sterling ("Jorie") turned eighteen (18) years old on March 11, 2019.

She lives in Cook County, Illinois. She is a June 2019 graduate of Evanston Township High

School.

11.      Plaintiff Sophia Sterling ("Sophia") is Jorie's mother. She lives in Cook County,

Illinois.

12.      Defendant Evanston Township High School District 202 ("ETHS District 202") is

an entity organized under the law of Illinois, operating the Evanston Township High School

within the City of Evanston.

13.      Defendant, Dr. Eric Witherspoon ("Dr. Witherspoon"), the Superintendent of

ETHS District 202, has been, at all times material to the allegations in this complaint, the

Superintendent of the ETHS District 202, acting within the scope of employment with the ETHS

District 202 and under the color of state law. He is responsible for the promulgation,

implementation and maintenance of the District's policies regarding student, faculty and

administrative procedures, including but not limited to procedures relating to the prevention and

reporting of the abuse of District students.

3

14.     Defendant, Dr. Marcus A. Campbell ("Dr. Campbell"), has been, at all times material to the allegations in this complaint, the Assistant Superintendent of the ETHS District 202 and the Principal of Evanston Township High School ("ETHS"), acting within the scope of employment with the ETHS District 202 and under the color of state law. He is the ETHS District 202 officer responsible for the evaluation of educational programs, selection and placement of staff and working directly with school administration to achieve instructional and safety/security goals for students, including but not limited to procedures relating to the prevention and reporting of the abuse of District students

15.     Defendant Marvin Rhone ("Rhone") was employed as a safety officer in the Evanston Township High School Safety Department. At all times relating to the allegations contained in this complaint he acted within the scope of employment with the ETHS District 202 and under the color of state law.

16.     Defendant Michael Haywood ("Haywood") was employed as a safety officer in the Evanston Township High School Safety Department. At all times relating to the allegations contained in this complaint he acted within the scope of employment with the ETHS District 202 and under the color of state law.

17.     Defendant John Doe Evanston Police Officers (1-4) ("John Doe Evanston Police Officers"), were at all times relevant to the allegations made in this complaint, duly appointed police officers employed by the City of Evanston, acting within the scope of employment with the City of Evanston, and under the color of state law.  They are sued in their individual capacities.

18.     Defendant City of Evanston, a municipality duly incorporated under the laws of the State of Illinois, is the employer and principal of Defendant John Doe Evanston Police

Officers (1-4). The City is responsible for the policies, practices and customs related to its maintenance of a police force.

### Factual Allegations

19.     At all times relevant to the allegations contained in this complaint, the ETHS District 202 received federal funds for the provision of educational services and programs within the District.

20.     Evanston Township High School maintains a Special Education Department which manages the creation of Individualized Education Program (IEP) plan for eligible students under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.§1400, *et seq*.

21.     Evanston Township High School maintains a Safety Department whose primary functions are, among other things, to provide security coverage in school and around campus, to monitor and regulate the entrance and exit of students into the High School buildings, monitor visitor check-in, to assist students and staff with conflict resolution, and to collaborate with law enforcement.

22.     The Police Department of the City of Evanston provides ETHS two School Resource Officers ("SRO"), whose primary duty assignment at ETHS during the academic year puts them in daily and regular contact with ETHS administrators, teachers, employees, and students. Among other duties, the SRO officers have a duty to report crimes that originate on the premises of Evanston Township High School.

23.     ETHS District 202 defines School Resource Officers as School Personnel

> "School personnel means persons employed by, on contract with, or who volunteer in a school district, including without limitation school and school district administrators, teachers, school guidance counselors, school social workers, school counselors, school psychologists, school nurses, cafeteria workers, custodians, bus drivers, **school resource officers**, and security guards." (emphasis added)

Board Policy Manual, Evanston Township High School District 202 Cook County, §7:180, p. 2.

24.     On June 23, 2014, the City Council of the City of Evanston passed a resolution entitled "A RESOLUTION Authorizing the City Manager to Execute an Intergovernmental Agreement with the Evanston Township High School District 202 for the Assignment of Two Evanston Police Officers to be School Resource Officers, (Resolution 46-R-14), to continue the deployment of two School Resource Officers from the Evanston Police Department to work exclusively at ETHS.

25.     On February 25, 2019, Evanston Mayor, Stephen H. Hagerty, authorized the formalization of the use by SROs of Body Worn Cameras ("BWC") during the performance of their duties at ETHS.

26.     While a student at ETHS, Jorie had an Individualized Education Program (IEP) to address particular needs and challenges she faced and to allow Jorie to successfully earn her diploma.

27.     While a student at ETHS, Jorie came into regular contact with the Evanston Police Officers, who were the SROs at ETHS.

28.     While a student at ETHS, Jorie came into daily contact with employees from the ETHS Safety Department.

29.     In or about 2015 during Jorie's freshman year, she came into contact with ETHS Safety Officer Marvin Rhone, who using his position of authority as an ETHS Safety Officer, began sexually grooming Jorie.

30.     In 2015 and 2016, Marvin Rhone engaged in over fifty (50) acts of unwanted and unauthorized sexual acts and other contact with the body of Jorie Sterling.

31.     ETHS District 202, Dr. Witherspoon, Dr. Campbell, one or more of the John Doe Evanston Police Officers (1-4), and other ETHS teachers, counselors and staff knew of or had reason to know of the allegations that Marvin Rhone had sexually groomed and had sexual contact with Jorie and other ETHS students. In spite of having knowledge of or having reason to know of the actions of Marvin Rhone towards Jorie Sperling and other ETHS students, no timely action was taken to protect Jorie and other ETHS from the continued acts of Marvin Rhone.

32.     Eventually, the ETHS District 202, Dr. Witherspoon, and Dr. Campbell terminated the employment of Marvin Rhone in or about June 2016.

33.     After terminating the employment of Marvin Rhone, ETHS District 202, Dr. Witherspoon and Dr. Campbell:

   a.   Failed to disclose to the parents of ETHS students, including Plaintiff Sophia Sterling, the allegations about Marvin Rhone;

   b.   Failed to provide Jorie Sterling accommodation and support in order to ameliorate the harm done to her by Marvin Rhone;

   c.   Suppressed information about the allegations made relating to Marvin Rhone's harassing and sexually violent behavior towards Jorie and other ETHS students; and;

   d.   Failed to otherwise take actions to provide the safety and security of Jorie Sterling from further sexual harm at the hands of ETHS employees.

34.     Defendant Michael Haywood began employment began in September 2018

35.     As soon as his employment with ETHS began, Michael Haywood, aware that Jorie was a student with an IEP, began sexually targeting Jorie Sterling, two (2) 16-year old female ETHS students, and other female ETHS students.

36.     Marvin Rhone and Michael Haywood regularly escorted Jorie to the ETHS "Chrome Zone" (H220) and the ETHS "Hub" (W220), common areas for students, teachers and counselors.

37.     Some of the means used by Marvin Rhone and Michael Haywood to sexually groom and sexually target Jorie and other ETHS students included:

    a.  Making cellular phone calls to Jorie and other students during and outside school hours;

    b.  Sending text messages to Jorie and other students during and outside school hours. For example, Michael Haywood started the following exchange with Jorie:

| | |
|---|---|
| Haywood: | Like don't say shit but a couple teachers mentioned you always looking at me a certain way and you being around a lot I'm like nah all the kids like that |
| Jorie: | I can't help it (upset emoji) |
| Haywood: | Lol<br>I see bae<br>And I don't wanna help it either but just keep in mind I need that gig to spoil you lolbvs |

    c.  Sending pornographic photographs to Jorie and other female students via Snapchat during and outside school hours and pressuring Jorie and other students to send pornographic photographs;

    d.  Encouraging Jorie and other students to smoke marijuana and providing Jorie and other students marijuana to smoke;

    e.  Encouraging Jorie and other student to drink alcohol beverages and providing Jorie and other students alcohol to drink;

    f.  Using the ETHS electronic pass system to reward Jorie and other students with passes to attend class late, to not report tardy students, and to leave campus with students;

    g.  Using the ETHS electronic pass system to punish Jorie and other students by threatening to withhold passes to attend class late, threatening to report tardiness, and threatening to withhold passes to leave campus during the school day;

    h.  Threatening to Jorie's behavior and the behavior of other students such that their parents would know that they were sexually active, were smoking marijuana, and were drinking alcohol; that they were leaving the ETHS campus during the school day; and that they were coming to school late;

    i.  Escorting Jorie and other students around the ETHS campus and keeping tabs on where they went and who they who they were with;

    j.    Pressuring Jorie and other students to perform sexual acts;

    k.    Pressuring Jorie and other students to act sexually against her will.

38.    From September 2018 through the beginning of January 2019, Michael Haywood engaged in over forty (40) acts of unwanted and unauthorized sexual and other contact with the body of Jorie Sterling. Some of these acts took place:

    a.    On the third floor on the northeast corner of the building where Jorie attended physics class before and after 8th period;

    b.    In the Safety Office in the southwest corner on the 2nd Floor of ETHS;

    c.    At other locations in the ETHS building during lunch hours on school hours;

    d.    In the home of an ETHS teacher located on the 1800 block of Darrow Evanston, Illinois;

    e.    In Michael Haywood's home located on the 1800 block of Darrow, Evanston, Illinois;

    f.    At the Orrington Hotel, Evanston, Illinois Evanston on December 28 and December 29, 2018;

    g.    At other locations in the City of Evanston.

39.    Haywood was terminated from his employment with ETHS's Safety Department on January 14, 2019.

40.    Haywood is currently facing a charge of criminal sexual assault by a person in position of authority for his conduct toward a minor ETHS student other than Jorie Sterling. (Cook County Circuit Court Case No. 19-CR-0344001).

41.    After terminating the Michael Haywood's employment, ETHS District 202, Dr. Witherspoon and Dr. Campbell:

    a.    Failed to disclose to the parents of ETHS students, including Plaintiff Sophia Sterling, the allegations about Michael Haywood;

b. Failed to provide Jorie Sterling accommodation and support in order to ameliorate the harm done to her by Michael Haywood;

c. Suppressed information about the allegations made relating to Michael Haywood's harassing and sexually violent behavior towards Jorie and other ETHS students; and

d. Failed to otherwise take actions to provide the safety and security of Jorie Sterling from further sexual harm at the hands of ETHS employees.

**Claim 1 - Section 1983 Claim**
**Against Marvin Rhone, Michael Haywood, and John Doe Evanston Police Officers (1-4)**

42.     Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth in this Claim.

43.     The actions of the Defendant Marvin Rhone, Michael Haywood and John Doe Evanston Police Officers (104) violated Jorie Sterling's rights under the Fourth Amendment to the United States Constitution to be secure in her person against invasion of her personal security through sexual abuse, and her right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this complaint.

44.     The actions of the Defendant Marvin Rhone, Michael Haywood, and John Doe Evanston Police Officers (1-4) as alleged in this Claim of the complaint were the direct and proximate cause of the constitutional violations alleged in this complaint and of the Plaintiffs injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands against the Defendant Marvin Rhone, Michael Haywood, and John Doe Evanston Police Officers (1-4) substantial actual or compensatory damages and punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable, just, necessary and proper.

10

**Claim 2  - Section 1983 Monell Claim**
**Against ETHS District 202, Dr. Witherspoon, and Dr. Campbell**

45.     Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set

forth in this Claim.

46.     The conduct of Defendant Marvin Rhone and Defendant Michael Haywood in

violation of Plaintiff Jorie Sterling's constitutional rights resulted from acts, policies, customs

and practices maintained by Defendant ETHS District 202, including:

a.  Failure to train District personnel regarding the proper investigation of allegations
sexual grooming and sexual acts against students by District personnel;

b.  Systematic failure to conduct, or to insure that proper and thorough investigations
of allegations of sexual grooming and sexual acts against students by District
personnel;

c.  Systematic failure to report, or to insure that credible allegations of sexual
grooming and sexual acts against students by District personnel were reported to
the proper agencies and authorities;

d.  Failure to implement or maintain reasonable procedures to screen ETHS Safety
Department applicants for past allegations and/or incidents of sexual grooming
and/or sexual acts against children;

e.  Failure to implement or maintain policies to notify parents of credible allegations
against ETHS Safety Department employees who have engaged in a pattern of
sexually grooming and sexually abusing ETHS students they have come in
contact with;

f.  Deliberate indifference to credible allegations of sexual grooming and sexual acts
of ETHS employees against students;

g.  Suppressing credible allegations made about ETHS Safety Department employees
who have engaged in a pattern of sexually grooming and sexually abusing ETHS
students they have come in contact with.

47.     These acts, policies, customs and practices were carried out and maintained

intentionally, with an arbitrary, reckless and deliberate indifference to the substantive due

process rights of Jorie Sterling and other ETHS students to bodily integrity, including right to freedom from invasion of their personal security through sexual abuse.

48.     ETHS District 202's failure to protect Jorie Sterling and other ETHS students from sexual harassment is especially egregious given that ETHS District 202 has since 2017 been coming to terms with its systemic failures in connection with sexual abuse allegations against a former ETHS teacher, Bruce K. Siewerth, over a period of three decades.

49.     ETHS District 202 was engaged in litigation relating to Bruce Sieweth's sexual abuse of students during the same period -- 2017 through January 2019, that it was failing to act to protect Jorie Sterling and other ETHS student as alleged in this complaint.

50.     On January 18, 2019, ETHS District 202 entered into a "unique" settlement in the Bruce Siewerth cases; in the words of Defendant Dr. Witherspoon, the settlement requires ETHS District 202 to spend $100,000 over 10 years "to enhance already existing programs sponsored by the school district for the benefit of Evanston High School students that address sexual assault awareness, reporting and prevention." Dr. Witherspoon made this statement exactly one week **after** news outlets reported that an Evanston High School "Staffer" (Haywood), was accused of "Inappropriate Contact" with students.

51.     ETHS District 202, Dr. Witherspoon, and Dr. Campbell and other personnel of ETHS were aware of systemic deficiencies in the District's provision an educational environment for students that is free of sexual grooming, sexual harassment and sexual abuse during the window of time when Plaintiff Jorie and other minor female students were abused by Defendants Marvin Rhone and Michael Haywood.

52.     The unconstitutional actions of the Defendants as alleged in this complaint were part and parcel of a widespread ETHS District 202 policy, practice and custom is further

established by the involvement in, and ratification of, these acts by ETHS District 202 supervisors and policy makers, as well as by a wide range of other ETHS personnel.

53.     The policies, practices and/or customs alleged in this complaint, separately and together, are the proximate cause of the injury to Jorie Sterling and the injury to her personal security through sexual abuse, because Defendant Marvin Rhone and Defendant Michael Haywood had good reason to believe that their misconduct would not be revealed or reported by fellow personnel, including School Resource Officers (SROs) from the Evanston Police Department, or their supervisors, that their false, incomplete, and misleading reports would go unchallenged by these supervisors and fellow personnel from the highest level of the ETHS administration on down, and that they were immune from disciplinary action, thereby protecting them from the consequences of their unconstitutional conduct.

54.     But for the belief that they would be protected, both by fellow personnel, by the ETHS administration, and by School Resource Officers (SROs) from serious consequences, Defendant Marvin Rhone and Defendant Michael Haywood would not have engaged in the conduct that resulted in the invasion of Jorie Sterling's personal security through sexual abuse.

55.     The interrelated policies, practices and customs, as alleged in this complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged Defendant Marvin Rhone and Defendant Michael Haywood to commit the acts alleged in this complaint against Jorie Sterling; they, therefore, are the moving forces behind, and the direct and proximate causes of, the injuries to Jorie Sterling.

56.     Among other things, the policies, practices and customs alleged in this complaint encouraged the violation of Jorie Sterling's personal security through sexual abuse, other misconduct by ETHS personnel, the fabrication of evidence, the intimidation of witnesses, and

the making of false, incorrect and misleading statements and reports, and the maintenance of a code of silence among safety personnel and Student Resource Officers (SROs). These policies, practices and customs, therefore, are the moving forces behind, and the direct and proximate causes of, the unconstitutional acts committed by the Defendant Marvin Rhone and Defendant Michael Haywood in this case and the injuries to Jorie Sterling.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff Jorie Sterling demands substantial actual or compensatory damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable, just, necessary and proper.

### Claim 3 - Section 1983 Claim (Equal Protection)
### Against ETHS District 202, Dr. Witherspoon, and Dr. Campbell

57.     Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth in this Claim.

58.     As a result of the acts, policies, customs and practices alleged hereinabove, Defendants ETHS District 202, Dr. Witherspoon, and Dr. Campbell, in a manner shocking to the ordinary conscience, facilitated the abuse by Defendant Marvin Rhone and Defendant Michael Haywood, placing minor Plaintiff Jorie Sterling in extreme and unreasonable danger of the harms she ultimately suffered.

59.     In doing so, Defendants violated Plaintiff Jorie Sterling's rights under the Fourteenth Amendment to the Constitution.

60.     As a result, Jorie Sterling suffered the harms and damages alleged in this complaint.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff Jorie Sterling demands substantial actual or compensatory damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable, just, necessary and proper.

## Claim 4 - Title IX Violations
## Against ETHS District 202

61.     Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

62.     As a provider or educational programs and services receiving federal funds, Defendant ETHS District 202 owes a duty to Plaintiff Jorie Sterling to provide and ensure an educational environment free of sex discrimination and sexual harassment, and to enforce the regulations, rules, and laws necessary to protect her from acts of sex discrimination and sexual harassment.

63.     As alleged in this complaint, ETHS District 202, by and through its faculty, administrative staff and policy makers, intentionally disregarded the rights and safety of Jorie Sterling and other ETHS students, and disregarded and failed to act on allegations of sexual abuse of ETHS students by Defendants Marvin Rhone and Michael Haywood.

64.     Due to the District's intentional acts and maintenance of customs and policies alleged in this complaint, Jorie Sterling was subjected to gender-based harassment, abuse and inappropriate physical contact by Defendants Marvin Rhone and Michael Haywood, suffering the harms alleged in this complaint.

65.     The District's conduct as described in this complaint constitutes illegal discrimination proscribed by Title IX and caused the harm Jorie Sterling suffered.

66.     Defendants failed to take sufficient and meaningful corrective remedial action and as a result of Defendant's deliberate indifference, Jorie Sterling has been subject to an intimidating, hostile, offensive and intolerable educational environment.

67.     By the actions described above, Defendants acted to deprive Jorie Sterling of her rights to be free from discrimination in education on the basis of her sex as provided by Title IX.

68.     Plaintiff has suffered and will continue to suffer due to Defendant's actions and failure to act in that as a victim of sexual abuse by an adult in a position of authority she has and will continue to suffer serious negative psychological, physical, academic, and behavioral consequences.

WHEREFORE, pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*., Plaintiff Jorie Sterling demands substantial actual or compensatory damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable, just, necessary and proper.

### Claim 5 - Illinois Gender Violence Act ("GVA")
### Against All Defendants

69.     Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

70.     The Illinois Gender Violence Act ("GVA") Section 740 ILCS 82/1 et seq. authorizes any person who has been subjected to gender-related violence to pursue actual damages, damages for emotional distress, punitive damages or other appropriate relief against a person or persons perpetrating gender-related violence. 740 ILCS 82/10-15 (2016).

71.     The conduct of the defendants as alleged in this complaint perpetuated, encouraged or assisted acts of gender-related violence against Jorie Sterling which caused Jorie

Sterling to suffer gender discrimination and to suffer serious negative psychological, physical, academic, and behavioral consequences.

WHEREFORE, pursuant to the Illinois Gender Violence Act, Plaintiff Jorie Sterling demands substantial actual or compensatory damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable, just, necessary and proper.

## Claim 6 – Intentional Infliction of Emotional Distress
### Sophia Sterling v. Defendants

72. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

73. As described herein, Defendants conduct to, among other things, hold Safety Officer Michael Haywood out to the community and parents as a man of character worthy to serve to protect the safety and security of minor ETHS students, knowingly exposing female minor students to sexual abuse or the high probability of sexual abuse, is extreme and outrageous.

74. Defendants knew that there was a high probability that its conduct in hiring Haywood as a Safety Officer would expose minor female ETHS students to a risk of sexual abuse and that such abuse would inflict severe emotional distress upon the parents of those students, including but not limited to Plaintiff Sophia Sterling.

75. Defendants intentionally and/or recklessly disregarded the high probability that its conduct would inflict severe emotional distress upon Plaintiff Sophia Sterling.

76. Defendants' conduct did cause and continues to cause Plaintiff Sophia Sterling severe emotional distress and mental anguish.

WHEREFORE, Plaintiff Sophia Sterling demands a judgment against Defendants for an amount proven at trial, plus costs and such other relief as the Court deems equitable and just.

### Claim 7 – Intentional Infliction of Emotional Distress
### Jorie Sterling v. Defendants

77.     Plaintiff Jorie Sterling repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

78.     Defendants acted maliciously, wantonly, or oppressively and in total, reckless disregard of Illinois laws intended to protect minors through the proscription of indecent and sexual assault and corruption of minors.

79.     Defendants intended to cause Jorie Sterling severe emotional distress or knew that by their actions and omissions there was a high probability that their conduct would cause such distress.

80.     As a result of the conduct of the defendants, Jorie has suffered and will continue to suffer extreme mental and emotional distress, physically which has manifested in, among other things, depression, sleeplessness, headaches, and nausea.

WHEREFORE, Plaintiff Jorie Sterling demands substantial actual or compensatory damages, and, because Defendants acted maliciously, wantonly, or oppressively and in total, reckless disregard of Illinois laws intended to protect minors through the proscription of indecent and sexual assault and corruption of minors, plaintiff demands punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

**Claim 8 – Battery**
**Jorie Sterling v. Defendants Rhone and Haywood**

81.     Plaintiff Jorie Sterling repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

82.     The Defendants Marvin Rhone and Michael Haywood knowingly and without legal justification caused bodily harm to Plaintiff Jorie Sterling when they engaged in multiple unwanted and unauthorized sexual and other contact with her body, thereby constituting battery under Illinois law.

WHEREFORE, Plaintiff Jorie Sterling demands substantial actual or compensatory damages, and, because Defendants Marvin Rhone and Michael Haywood acted maliciously, wantonly, or oppressively and in total, reckless disregard of Illinois laws intended to protect minors through the proscription of indecent and sexual assault and corruption of minors, plaintiff demands punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

**Claim 9**
**State Law Claim for Respondeat Superior Against Defendant ETHS District 202**

83.     Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

84.     Defendants Dr. Eric Witherspoon, Dr. Marcus Campbell, Marvin Rhone, and Michael Haywood were, at all times material to the allegations made in this complaint, employees and agents of the Defendant City of Evanston acting within the scope of their employment. Defendant City of Evanston is liable for the acts of Defendants which violated state law under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for compensatory damages, jointly and severally from the City of Evanston, plus the costs of this action and whatever additional relief this Court deems equitable, just, necessary and proper.

## Claim 10
**State Law Claim for Respondeat Superior Against ETHS District 202 and City of Evanston**

85.    Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

86.    Defendants John Doe Evanston Police Officers (1-4) were, at all times material to the allegations made in this complaint, employees and agents of the City of Evanston and/or ETHS District 202 acting within the scope of their employment. Defendants City of Evanston and/or ETHS District are liable for the acts of Defendants which violated state law under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for compensatory damages, jointly and severally from the City of Evanston and/or ETHS District 202, plus the costs of this action and whatever additional relief this Court deems equitable, just, necessary and proper.

## Claim 11
**745 ILCS 10/9-102 Claim Against Defendants ETHS District 202 and City of Evanston**

87.    Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

88.    Defendants City of Evanston and/or ETHS District 202 were the employers of the John Doe Evanston Police Officers (1-4) at all times relevant to the allegations contained in this complaint.

89.     Defendants John Doe Evanston Police Officers (1-4) committed the acts alleged in this complaint under the color of law and in the scope of their employment as employees of the Defendant City of Evanston and/or ETHS District 202, and the Defendant City of Evanston and/or ETHS District 202 are liable for their actions under 745 ILCS 10/9-102.

WHEREFORE, Plaintiff demands judgment against Defendant City of Evanston and/or ETHS District 202, jointly and severally, in the amount awarded to Plaintiff and/or against the Defendants John Doe Evanston Police Officers (1-4) as damages, attorney's fees, costs and interest, and/or for any settlement entered into between the Plaintiff and Defendants, and for whatever additional relief this Court deems equitable, just, necessary and proper.

**Claim 12**
**745 ILCS 10/9-102 Claim Against Defendant ETHS District 202**

90.     Plaintiffs repeat and reallege the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

91.     Defendant ETHS District 202 was the employer of Dr. Eric Witherspoon, Dr. Marcus Campbell, Michael Haywood, and Marvin Rhone at all times relevant to the allegations contained in this complaint.

92.     Defendants Dr. Eric Witherspoon, Dr. Marcus Campbell, Marvin Rhone, and Michael Haywood of Evanston Township High School committed the acts alleged in this complaint under the color of law and in the scope of their employment as employees of the ETHS District 202, and ETHS District 202 is liable for their actions under 745 ILCS 10/9-102.

WHEREFORE, Plaintiff demands judgment against Defendant ETHS District 202 in the amount awarded to Plaintiffs and/or against Dr. Eric Witherspoon, Dr. Marcus Campbell, Marvin Rhone, and Michael Haywood as damages, attorney's fees, costs and interest, and/or for any

21

settlement entered into between the Plaintiff and Defendants, and for whatever additional relief this Court deems equitable, just, necessary and proper.

Date: August 20, 2019

/s/Andrew M. Stroth

Andrew M. Stroth
Carlton Odim

Action Injury Law Group, LLC
191 North Wacker Drive
Suite 2300
Chicago, IL  60606
(844) 878 4529
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com

*ATTORNEYS FOR PLAINTIFF*