# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JORIE STERLING AND SOPHIA STERLING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 19 CV 5599 |
| | ) | |
| BOARD OF EDUCATION OF | ) | Chief Judge Rebecca R. Pallmeyer |
| EVANSTON TOWNSHIP HIGH SCHOOL | ) | |
| DISTRICT 202, ERIC WITHERSPOON, | ) | Magistrate Judge Young B. Kim |
| MARCUS CAMPBELL, | ) | |
| MARVIN RHONE, MICHAEL HAYWOOD, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiffs Jorie Sterling and Sophia Sterling, by and through their attorneys, Andrew M. Stroth, Carlton Odim and Amanda S. Yarusso of the Action Injury Law Group, LLC, complain against Defendants Board of Education of Evanston Township High School District 202 (BOE), Eric Witherspoon, Marcus Campbell, Marvin Rhone, and Michael Haywood, as follows:

## Nature of Action

1. This action arises out of a long and persistent course of sexual grooming, sexual harassment, and sexual violence perpetrated against minor students at Evanston Township High School (ETHS) by some of its personnel acting under cover of failed, non-existent, and disregarded policies and procedures that were established by the BOE and ostensibly administered by Dr. Eric Witherspoon, Superintendent of ETHS, and Dr. Marcus A. Campbell, Assistant Superintendent and Principal of ETHS.

2. Plaintiffs bring this action under the following federal Civil Rights statutes -- 42 U.S.C. § 1983, and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq.

("Title IX"); under Illinois statutory law -- the Illinois Gender Violence Act ("IGVA"), 740 ILCS 82/1 et seq.; and Illinois common law -- battery, willful and wanton conduct, and intentional infliction of emotional distress.

3. Plaintiffs Jorie Sterling and Sophia Sterling bring this action to redress Defendants' egregious failure to exercise reasonable care and to protect Jorie's well-being and her right to an equal education in violation of both Federal and Illinois law.

4. Specifically, Plaintiffs seek to be made whole for the damage caused by Defendants' willful, reckless, and negligent conduct in refusing to address systemic failures and documented instances of sexual abuse of minor female students at ETHS, which constituted patterns and practices of sexual abuse and discrimination against minor female students at ETHS.

5. Defendants' conduct, failure to act, and failure to exercise reasonable care are directly responsible for allowing former ETHS Safety Officer Michael Haywood ("Haywood") unfettered access and opportunity to abuse minor female students within the building and grounds of ETHS.

6. Defendants' conduct, failure to act, and failure to exercise reasonable care not only gave sexual predators access to victims, it also created a culture whereby no BOE and/or ETHS employees voluntarily came forward to protect female students, including Jorie, from sexual harassment and sexual violence at the hands of Defendant Haywood.

7. As a result of Defendants' conduct and failures, multiple female ETHS students, including Jorie, were subjected to a prolonged period of sexual harassment and sexual violence at the hands of male school personnel appointed to ensure their safety and security.

## Jurisdiction and Venue

8. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims alleged herein occurred within the Northern District of Illinois.

## Parties

10. Plaintiff Jorie Sterling ("Jorie") turned eighteen (18) years old on March 11, 2019. She lives in Cook County, Illinois. She is a June 2019 graduate of Evanston Township High School.

11. Plaintiff Sophia Sterling ("Sophia") is Jorie's mother. She lives in Cook County, Illinois.

12. Defendant Board of Education of Evanston Township High School District 202 ("BOE") is an entity organized under the law of Illinois, operating the Evanston Township High School within the City of Evanston.

13. Defendant Board of Education ("BOE") is the governing body of ETHS and adopts, enforces and monitors the policies for ETHS, including policy that prohibits unlawful discrimination in accordance with the federal and State Constitution and federal and State statutes.

14. Defendant BOE is the employer of the Superintendent for ETHS and other ETHS personnel, including the Principal, all administrators, teachers, safety staff, and has the authority to make employment decisions, including dismissing personnel.

15. Defendant BOE has the duty to comply with the requirements of the Abused and Neglected Child Reporting Act ("ANCRA") and Title IX, and to direct and ensure that the Superintendent complies with the ANCRA and Title IX.

16. Defendant BOE directs, through policy, the Superintendent of ETHS.

17. Defendant Dr. Eric Witherspoon ("Witherspoon") has been, at all times material to the allegations in this complaint, the Superintendent of ETHS, acting within the scope of his employment with ETHS and BOE, and under color of state law.

18. Witherspoon is responsible for the promulgation, implementation and maintenance of the District's policies, by creating and implementing procedures regarding student, faculty and administration matters, including but not limited to procedures relating to the prevention and reporting of any abuse or unlawful discrimination directed at ETHS students.

19. Defendant Dr. Marcus A. Campbell ("Campbell"), has been, at all times material to the allegations in this complaint, the Assistant Superintendent and Principal of ETHS, as well as a designated Complaint Manager, acting within the scope of his employment with ETHS and BOE, and under color of state law.

20. Campbell is an ETHS officer responsible for the evaluation of educational programs, selection and placement of staff, and school administration to achieve instructional and safety/security goals for students, including but not limited to procedures relating to the prevention and reporting of any abuse or unlawful discrimination directed at ETHS students.

21. Defendant Marvin Rhone ("Rhone") was employed as a safety officer in the ETHS Safety Department.

22. At all times relating to the allegations contained in this complaint, Defendant Rhone acted within the scope of his employment with BOE and ETHS, and under color of state law.

23. Defendant Michael Haywood ("Haywood") was employed as a safety officer in the ETHS Safety Department.

24. At all times relating to the allegations contained in this complaint, Defendant Haywood acted within the scope of his employment with BOE and ETHS, and under color of state law.

25. Various other staff personnel, including, but not limited to: Keith Robinson, Associate Principal of Educational Services; Taya Kinzie, Associate Principal for Student Services and a designated Complaint Manager; Toya Campbell, Chief Human Resource Officer and the designated Nondiscrimination Coordinator; Matthew Driscoll, Safety Director; Terrance Doby, Assistant Safety Director; ETHS Social Worker Peter Butler; and other ETHS teachers, counselors, administrators, and staff referred to in this complaint, were acting within the scope of their employment with ETHS and BOE, and under color of state law, at all times material to this complaint.

**Factual Allegations**

26. At all times relevant to the allegations contained in this complaint, BOE and ETHS received federal funds for the provision of educational services and programs within ETHS.

27. BOE and ETHS maintain a Special Education Department which manages the creation of Individualized Education Program (IEP) plans for eligible students under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.§1400, *et seq*.

28. BOE and ETHS maintain a Safety Department whose primary functions are, among other things, to provide security coverage in school and around campus, to monitor and regulate the entrance and exit of students into the high school buildings, to monitor visitor check-ins, to assist students and staff with conflict resolution, and to collaborate with law enforcement.

29. While a student at ETHS, Jorie had an IEP plan to address particular needs and challenges she faced, and to allow Jorie to successfully earn her diploma.

30. While a student at ETHS, Jorie came into daily contact with employees in the ETHS Safety Department.

<u>Allegations Regarding Defendant Marvin Rhone</u>

31. In or about 2015, during Jorie's freshman year, she came into contact with ETHS Safety Officer Marvin Rhone, who, using his position of authority as an ETHS Safety Officer, began sexually grooming Jorie.

32. Rhone's sexual grooming of Jorie included, but was not limited to, the following acts:

   a. Making personal cellular telephone calls to Jorie during and outside of school hours.

   b. Buying gifts and meals for Jorie.

   c. Sending text messages to Jorie during and outside of school hours with sexual and/or pornographic content and language.

33. In 2015 and 2016, Rhone engaged in over fifty (50) acts of unauthorized sexual acts and other contact with Jorie Sterling, a minor.

34. Rhone's sexual acts and contact with Jorie occurred in and around the school, including in Rhone's car parked in the vicinity of the school.

35. Eventually, Witherspoon, and Campbell terminated the employment of Rhone in or about June 2016.

Allegations Regarding Defendant Michael Haywood

36. Defendant Michael Haywood began his employment with BOE and ETHS in September 2018.

37. As soon as his employment with BOE and ETHS began, Haywood, aware that Jorie was a student with an IEP, began sexually targeting Jorie Sterling, two (2) 16-year old female ETHS students, and other minor female ETHS students.

38. Michael Haywood regularly escorted Jorie to the ETHS "Chrome Zone" (H220) and the ETHS "Hub" (W220), common areas for students, teachers and counselors.

39. Some of the means used by Michael Haywood to sexually groom and sexually target Jorie and other ETHS students included:

- a. Making cellular phone calls to Jorie and other students during and outside school hours;

- b. Sending text messages to Jorie and other students during and outside school hours with sexual or pornographic content and language.

- c. Sending pornographic and/or sexual photographs to Jorie and other female students during and outside school hours, pressuring Jorie and other students to send pornographic photographs, and receiving pornographic photographs from Jorie and other students;

- d. Encouraging Jorie and other students to smoke marijuana and providing Jorie and other students marijuana to smoke;

- e. Encouraging Jorie and other student to drink alcoholic beverages and providing Jorie and other students alcohol to drink;

- f. Using the ETHS electronic pass system to reward Jorie and other students with passes to attend class late, to not report tardy students, and to leave campus with students;

7

g. Using the ETHS electronic pass system to punish Jorie and other students by threatening to withhold passes to attend class late, threatening to report tardiness, and threatening to withhold passes to leave campus during the school day;

h. Threatening to expose Jorie's behavior and the behavior of other students such that their parents would know that they were sexually active, were smoking marijuana, and were drinking alcohol; that they were leaving the ETHS campus during the school day; and that they were coming to school late;

i. Escorting Jorie and other students around the ETHS campus and keeping tabs on where they went and who they were with around the ETHS campus;

j. Pressuring Jorie and other students to perform sexual acts;

k. Pressuring Jorie and other students to act sexually against their will.

40. From September 2018 through the beginning of January 2019, Michael Haywood engaged in over forty (40) acts of unauthorized sexual and other contact with minor female ETHS student Jorie Sterling. Some of these acts took place:

a. On the third floor on the northeast corner of the building where Jorie attended physics class before and after 8th period;

b. In the Safety Office in the southwest corner on the 2nd Floor of ETHS;

c. At other locations in the ETHS building during lunch hours during the school day;

d. In the home of an ETHS teacher located on the 1800 block of Darrow, Evanston, Illinois;

e. In Michael Haywood's home located on the 1800 block of Darrow, Evanston, Illinois;

f. At the Hilton Orrington Hotel, in Evanston, Illinois, on December 28 and December 29, 2018;

g. At other locations in the City of Evanston.

41. Defendant Haywood's unlawful sexual abuse and conduct was ongoing, persistent and widespread, such that it was common knowledge, obvious and/or readily apparent to some, if not all, BOE and ETHS personnel when it was occurring.

8

42. For example, Haywood engaged in the following message exchange with Jorie, demonstrating BOE and/or ETHS staff's awareness of Defendant Haywood's conduct:

> Haywood: Like don't say shit but a couple teachers mentioned you always looking at me a certain way and you being around a lot I'm like nah all the kids like that
>
> Jorie: I can't help it [upset emoji]
>
> Haywood: Lol
> I see bae
> And I don't wanna help it either but just keep in mind I need that gig to spoil you lolbvs

43. Because of the widespread, frequent, ongoing and readily apparent nature of Defendant Haywood's unlawful sexual abuse and conduct with Jorie and other minor female students at ETHS, BOE and ETHS staff either had actual knowledge and/or must have had knowledge unless they deliberately turned a blind eye to Haywood's conduct.

44. Therefore, upon information and belief, BOE, Witherspoon, Campbell, and other ETHS teachers, counselors and staff, knew of allegations that Defendant Haywood had sexually groomed and had unlawful sexual contact with Jorie and other ETHS students.

45. Despite their knowledge of the unlawful abuse and actions by Defendant Haywood towards Jorie Sperling and other minor female ETHS students, no timely action was taken by BOE itself or BOE or ETHS personnel to protect Jorie and other ETHS students from the continued acts of Defendant Haywood.

46. Witherspoon, Campbell, Toya Campbell, Taya Kinzie, Matthew Driscoll, Terrance Doby, other ETHS teachers, counselors and staff who had knowledge of Haywood's abuse and misconduct were required to report the abuse pursuant to the ANCRA, Title IX and the BOE and ETHS's policies and procedures.

47. Witherspoon, Campbell, Toya Campbell, Taya Kinzie, Matthew Driscoll, Terrance Doby, and/or other ETHS teachers, counselors and staff who had knowledge of Haywood's abuse and misconduct had the authority and duty vested in them by BOE and ETHS to supervise and/or report the conduct and actions of Defendant Haywood and to take corrective and appropriate action to end Haywood's conduct.

48. Taya Kinzie and Campbell were and are designated Complaint Managers, appointed by Witherspoon according to BOE's policy.

49. As Complaint Managers, Kinzie and Campbell were to administer the complaint process under BOE's Complaint Policy that pertains to any complaints that a student's rights have been violated under the federal or State Constitution or statues, including Title IX and the Civil Rights Act.

50. Toya Campbell was and is the designated Nondiscrimination Coordinator, appointed by Witherspoon according to BOE's policy.

51. As Nondiscrimination Coordinator, Toya Campbell was to manage the District's efforts to provide equal educational opportunities and prohibit the harassment of students, as well as to serve as BOE/ETHS's Title IX Coordinator.

52. BOE policy designates the Complaint Managers as those to be notified regarding allegations of sexual harassment, Title IX violations and other violations of a student's rights.

53. Haywood was ultimately terminated from his employment with ETHS's Safety Department on January 14, 2019.

54. Haywood is currently facing a charge of criminal sexual assault by a person in position of authority for his conduct toward a minor ETHS student other than Jorie Sterling. (Cook County Circuit Court Case No. 19-CR-0344001).

55. After terminating Michael Haywood's employment, BOE, ETHS, Witherspoon and Campbell:

   a. Failed to disclose to the parents of ETHS students, including Plaintiff Sophia Sterling, the allegations about Michael Haywood;

   b. Failed to provide Jorie Sterling accommodation and support in order to ameliorate the harm done to her by Michael Haywood;

   c. Suppressed information about the allegations made relating to Michael Haywood's harassing and sexually violent behavior towards Jorie and other ETHS students; and

   d. Failed to otherwise take actions to provide the safety and security of Jorie Sterling from further sexual harm at the hands of BOE and ETHS employees.

## Count 1 – 42 USC § 1983 Due Process Claim
### (Plaintiff Jorie Sterling v. Defendants Rhone, Haywood, Witherspoon and Campbell)

56. Plaintiff Jorie Sterling incorporates all preceding paragraphs of this Complaint as if fully set forth in this Claim.

57. The actions of Defendants Rhone, Haywood, Witherspoon and Campbell violated Jorie Sterling's rights to bodily integrity under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this complaint.

58. Defendants Rhone and Haywood sexually groomed and abused Jorie Sterling.

59. Defendants Witherspoon and Campbell, supervisors of Rhone and Haywood, knew of and/or deliberately turned a blind eye to Rhone and Haywood's conduct, and thereby facilitated the conduct and allowed it to continue.

60. The actions of Defendants Rhone, Haywood, Witherspoon and Campbell, as alleged in this Claim of the complaint were the direct and proximate cause of the constitutional violations alleged in this complaint and of the Plaintiff's injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands against Defendants Rhone, Haywood, Witherspoon and Campbell substantial actual and/or compensatory damages and punitive damages, plus the costs of this action, attorneys' fees and whatever additional relief this Court deems equitable, just, necessary and proper.

### Count 2 – 42 USC § 1983 Equal Protection Claim
**(Plaintiff Jorie Sterling v. Defendants Rhone, Haywood, Witherspoon and Campbell)**

61. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth in this Claim.

62. The actions of Defendants Rhone, Haywood, Witherspoon and Campbell violated Jorie Sterling's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this complaint.

63. Defendants Rhone and Haywood sexually groomed and abused Jorie Sterling, intentionally treating Jorie differently than other similarly situated students based on her gender.

64. Defendants Witherspoon and Campbell, supervisors of Rhone and Haywood, knew of and/or deliberately turned a blind eye to Rhone and Haywood's conduct, and thereby facilitated the conduct and allowed it to continue.

65. Defendants Witherspoon and Campbell failed to properly administer the BOE's nondiscrimination policy to ensure that sexual harassment and sexual misconduct were reported and corrective actions were taken to protect students, including Jorie Sterling, and such failure facilitated and allowed Rhone and Haywood's conduct.

66. The actions of Defendants Rhone, Haywood, Witherspoon and Campbell, as alleged in this Claim of the complaint were the direct and proximate cause of the constitutional violations alleged in this complaint and of the Plaintiff's injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands against Defendants Rhone, Haywood, Witherspoon and Campbell substantial actual and/or compensatory damages and punitive damages, plus the costs of this action, attorneys' fees and whatever additional relief this Court deems equitable, just, necessary and proper.

**Count 3 - Title IX Violations**
**(Plaintiff Jorie Sterling v. Defendant BOE)**

67. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

68. As a provider of educational programs and services receiving federal funds, Defendant BOE owed a duty to Plaintiff Jorie Sterling to provide and ensure an educational environment free of sex discrimination and sexual harassment, and to enforce the regulations, rules, and laws necessary to protect her from acts of sex discrimination and sexual harassment.

69. ETHS and BOE personnel, including Defendants Witherspoon, Campbell and other staff as alleged in this complaint, had the authority and duty to supervise Defendants Rhone and Haywood, and had the authority to report and act to end Haywood's improper and unlawful conduct.

70. As alleged in this complaint, BOE, by and through BOE and ETHS faculty, administrative staff and other personnel, had knowledge of Defendant Haywood's sexual grooming and abuse of Jorie Sterling and other minor ETHS students.

71. As alleged in this complaint, BOE, by and through BOE and ETHS faculty, administrative staff and other personnel with the authority and duty to act, failed to take timely corrective action to end Defendant Haywood's conduct.

72. As alleged in this complaint, BOE, by and through BOE and ETHS faculty, administrative staff, and other personnel, acted with deliberate indifference to and conscious disregard of the rights and safety of Jorie Sterling and other ETHS students.

73. As a result, Jorie Sterling was subjected to gender-based harassment, abuse and inappropriate physical contact by Defendant Haywood, suffering the harms alleged in this complaint.

74. BOE's actions as described in this complaint constitute illegal discrimination proscribed by Title IX and caused the harm Jorie Sterling suffered.

75. BOE failed to take sufficient and meaningful corrective action and as a result of Defendants' deliberate indifference, Jorie Sterling has been subject to an intimidating, hostile, offensive and intolerable educational environment.

76. By the actions described above, BOE acted to deprive Jorie Sterling of her rights to be free from discrimination in education on the basis of her sex as provided by Title IX.

77. Plaintiff has suffered and will continue to suffer due to BOE's actions and failure to act, in that as a victim of sexual abuse by an adult in a position of authority, she has and will continue to suffer serious negative psychological, physical, academic, and behavioral consequences.

WHEREFORE, pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*., Plaintiff Jorie Sterling demands substantial actual or compensatory damages, plus the costs of this action, attorneys' fees and whatever additional relief this Court deems equitable, just, necessary and proper.

## Count 4 - Illinois Gender Violence Act ("IGVA")
### (Plaintiff Jorie Sterling v. Defendants Rhone and Haywood)

78. Plaintiff Jorie Sterling incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

79. The Illinois Gender Violence Act ("GVA"), 740 ILCS 82/1 et seq., authorizes any person who has been subjected to gender-related violence to pursue actual damages, damages for emotional distress, punitive damages or other appropriate relief against a person or persons perpetrating gender-related violence. 740 ILCS 82/10-15 (2016).

80. The conduct of Rhone and Haywood, as alleged in this complaint, perpetuated acts of gender-related violence against Jorie Sterling, which caused Jorie Sterling to suffer gender discrimination and to suffer serious negative psychological, physical, academic, and behavioral consequences.

WHEREFORE, pursuant to the Illinois Gender Violence Act, Plaintiff Jorie Sterling demands substantial actual or compensatory damages, punitive damages, plus the costs of this action, attorneys' fees and whatever additional relief this Court deems equitable, just, necessary and proper.

## Count 5 – Intentional Infliction of Emotional Distress
### (Plaintiff Jorie Sterling v. Defendants Rhone and Haywood)

81. Plaintiff Jorie Sterling repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

82. Defendant Rhone and Haywood acted intentionally when they subjected Jorie Sterling to sexual grooming, sexual contact, and other acts of sexual abuse.

83. Defendants intended to cause Jorie Sterling severe emotional distress or knew that by their conduct there was a high probability that their conduct would cause such distress.

84. As a result of the conduct of Defendants Rhone and Haywood, Jorie has suffered and will continue to suffer extreme mental and emotional distress, which has physically manifested in, among other things, depression, sleeplessness, headaches, and nausea.

WHEREFORE, Plaintiff Jorie Sterling demands substantial actual or compensatory damages, and, because Defendants Rhone and Haywood acted maliciously, wantonly, or oppressively, and in reckless disregard of Illinois laws intended to protect minors through the proscription of sexual assault and corruption of minors, Plaintiff demands punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

### Count 6 – Battery
### (Plaintiff Jorie Sterling v. Defendants Rhone and Haywood)

85. Plaintiff Jorie Sterling repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

86. Defendants Marvin Rhone and Michael Haywood knowingly and without legal justification caused bodily harm to Plaintiff Jorie Sterling when they engaged in multiple nonconsensual and unlawful sexual contact with her, thereby constituting battery under Illinois law.

WHEREFORE, Plaintiff Jorie Sterling demands substantial actual or compensatory damages, and, because Defendants Marvin Rhone and Michael Haywood acted maliciously, wantonly, or oppressively, and in reckless disregard of Illinois laws intended to protect minors through the proscription of sexual assault and corruption of minors, Plaintiff demands punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## Count 7– Willful and Wanton Conduct
### (Plaintiff Jorie Sterling v. Defendants BOE, Witherspoon and Campbell)

87. Plaintiff Jorie Sterling repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

88. BOE, Witherspoon and Campbell, owed a duty to Plaintiff Jorie Sterling to refrain from willful and wanton supervision of their employees, including Defendants Rhone and Haywood, and to provide a safe and secure educational environment free from sexual abuse or other conduct that would endanger the physical safety and psychological well-being of Plaintiff Jorie Sterling.

89. BOE, Witherspoon and Campbell were aware of the risk of sexual abuse of minor students by BOE and ETHS staff and the need to supervise staff and report any allegations of sexual misconduct or abuse by staff.

90. BOE, Witherspoon and Campbell breached their duty by willfully and wantonly supervising/failing to supervise Rhone and Haywood, as alleged throughout this Complaint.

91. BOE, Witherspoon and Campbell knew, must have known and/or deliberately turned a blind eye to allegations of improper conduct and sexual abuse by Defendants Rhone and Haywood.

92. BOE, Witherspoon and Campbell were deliberately indifferent and/or consciously disregarded Jorie Sterling's physical safety and psychological well-being, amounting to willful and wanton conduct.

93. As a direct and proximate result of this willful and wanton conduct, Jorie Sterling was abused by Rhone and Haywood, and has suffered and will continue to suffer extreme mental and emotional distress.

WHEREFORE, Plaintiff Jorie Sterling demands substantial actual or compensatory damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

### Count 8 – Willful and Wanton Conduct
**(Plaintiff Sophia Sterling v. Defendants BOE, Witherspoon and Campbell)**

94. Plaintiff Sophia Sterling repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

95. BOE, Witherspoon and Campbell, owed a duty to Plaintiff Sophia Sterling to refrain from willful and wanton supervision of their employees, including Defendants Rhone and Haywood, and to provide a safe and secure educational environment free from sexual abuse or other conduct that would endanger the physical safety and psychological well-being of Sophia's daughter Jorie Sterling.

96. BOE, Witherspoon and Campbell were aware of the risk of sexual abuse of minor students by ETHS staff and the need to supervise staff and report any allegations of sexual misconduct or abuse by staff.

97. BOE, Witherspoon and Campbell breached their duty by willfully and wantonly supervising/failing to supervise Rhone and Haywood, as alleged throughout this Complaint.

98. BOE, Witherspoon and Campbell knew, must have known and/or deliberately turned a blind eye to allegations of improper conduct and sexual abuse by Defendants Rhone and Haywood.

99. BOE, Witherspoon and Campbell were deliberately indifferent and/or consciously disregarded Jorie Sterling's physical safety and psychological well-being, amounting to willful and wanton conduct.

100. As a direct and proximate result of this willful and wanton conduct, Sophia Sterling has been harmed and experienced severe emotional distress concerning the sexual abuse of her daughter Jorie Sterling by Rhone and Haywood.

WHEREFORE, Plaintiff Sophia Sterling demands substantial actual or compensatory damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

### Count 9 – Respondeat Superior
### (Plaintiffs Jorie and Sophia Sterling v. Defendant BOE)

101. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

102. Defendants Witherspoon, Campbell, and any and all other involved ETHS and BOE personnel, were, at all times material to the allegations made in this complaint, employees and agents of Defendant BOE acting within the scope of their employment.

103. Defendant BOE is liable for the acts of their agents and for Plaintiffs' state law claims under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs demand judgment for compensatory damages, jointly and severally from Defendant BOE, plus the costs of this action and whatever additional relief this Court deems equitable, just, necessary and proper.

### Count 10 – 745 ILCS 10/9-102 Indemnification Claim
### (Plaintiffs Jorie and Sophia Sterling v. Defendant BOE)

104. Plaintiffs repeat and reallege the preceding paragraphs of this complaint, as if they were fully set out in this Claim.

105. Defendant BOE was the employer of Witherspoon and Campbell, at all times relevant to the allegations contained in this complaint.

106. Defendants Witherspoon and Campbell committed the acts alleged in this complaint in the scope of their employment as employees of ETHS and BOE, and BOE is liable to indemnify the individual Defendants under 745 ILCS 10/9-102.

WHEREFORE, Plaintiff demands Defendant BOE be ordered to indemnify Defendants Campbell and Witherspoon in the amount awarded to Plaintiffs and/or against Witherspoon and Campbell as damages, attorneys' fees, costs and interest, and/or for any settlement entered into between the Plaintiffs and Defendants Witherspoon and Campbell, and for whatever additional relief this Court deems equitable, just, necessary and proper.

Date: December 12, 2019

/s/Andrew M. Stroth

Andrew M. Stroth
Carlton Odim
Amanda S. Yarusso

Action Injury Law Group, LLC
191 North Wacker Drive
Suite 2300
Chicago, IL  60606
(844) 878 4529
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com
amanda@actioninjurylawgroup.com

*ATTORNEYS FOR PLAINTIFF*