| | |
|---|---|
| JORIE STERLING and SOPHIA STERLING, | |
| Plaintiffs, | |
| vs. | Case No.: 2019 CV 5599 |
| BOARD OF EDUCATION OF EVANSTON TOWNSHIP HIGH SCHOOL DISTRICT 202; ERIC WITHERSPOON; MARCUS CAMPBELL; MARVIN RHONE; MICHAEL HAYWOOD, | Honorable Rebecca R. Pallmeyer |
| Defendants. | |

**DEFENDANTS THE BOARD OF EDUCATION OF EVANSTON TOWNSHIP HIGH SCHOOL DISTRICT 202, ERIC WITHERSPOON, AND MARCUS CAMPBELL'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants, the Board of Education of Evanston Township High School District 202 (the "Board"), Eric Witherspoon ("Dr. Witherspoon"), and Marcus Campbell ("Dr. Campbell") (collectively, the "District Defendants"), state as follows for their reply in support of their Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 31) (the "Complaint"):

## I.    INTRODUCTION

Plaintiffs attempt to show that their conclusory allegations of the District Defendants' knowledge of Defendants Michael Haywood and Marvin Rhone's misconduct and conclusory allegations of Dr. Witherspoon's and Dr. Campbell's discriminatory intent are sufficient to plead their Section 1983, Title IX, and state law claims. But plaintiffs stretch what is actually pled in the Complaint. Nowhere in the Complaint do plaintiffs allege that the District Defendants had notice of Rhone's conduct and nowhere in the Complaint do plaintiffs allege that Rhone was terminated

as a result of his sexual misconduct. Yet, plaintiffs' arguments in their response depend on such facts. *See*, *e.g.*, Resp. 5, 10, 12.

Further, plaintiffs' allegation in the Complaint that the District Defendants "must have known" of Haywood's misconduct lacks any factual enhancement. *See* Compl. ¶¶ 43-46. Such factual enhancement is necessary not only to support their allegations of notice, but also to show that the District Defendants did not act in a timely manner after receiving such notice. Because plaintiffs' vague allegations lack any timeline, they are not inconsistent with a scenario where the District Defendants did become aware of Haywood's conduct and then terminated him within a few days or even hours. Without temporal context of when the District Defendants "must have had knowledge," plaintiffs cannot show deliberate indifference or willful and wanton conduct on the part of the District Defendants. If plaintiffs have a factual basis to allege that the District Defendants were aware of Haywood's conduct (which is not apparent from the Complaint), at a minimum they also must plead when the District Defendants became aware.

Plaintiffs' claims are built on threadbare conclusions of knowledge, deliberate indifference, and discriminatory intent. This is plaintiffs' second opportunity to plead facts, and they demonstrate that they do not have facts sufficient to support their claims. For the reasons discussed below and in the District Defendants' Motion to Dismiss, plaintiffs' amended claims should be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiff Jorie Sterling's §1983 Claims Against Dr. Witherspoon and Dr. Campbell Should Be Dismissed.

#### 1. Plaintiffs Fail to Show Dr. Campbell and Dr. Witherspoon Turned a Blind Eye.

Relying on *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1995), plaintiffs argue that they have established Dr. Campbell and Dr. Witherspoon's personal involvement in

unconstitutional conduct because the defendants "either facilitated, approved and condoned the conduct of their Safety Officers or deliberately turned a blind eye to this rampant and open conduct." Resp. 5, citing *id.* Plaintiffs fail to allege sufficient facts to meet this standard under *Jones*. Nowhere do Plaintiffs allege that the District Defendants were aware of Rhone's actions. Compl. ¶¶ 31-35; 43-47. As to Haywood, plaintiffs now allege—on information and belief—that the District Defendants either had actual knowledge and/or must have had knowledge. Compl. ¶ 43. But they do not allege how or when the District Defendants gained such knowledge and, other than a bare conclusion that the District Defendants were deliberately indifferent, they do not allege facts showing deliberate indifference. Indeed, Defendant Haywood was terminated just four months after he started working at Evanston Township High School ("ETHS"). Compl. ¶¶ 40, 53. The termination could hardly be deemed deliberate indifference, particularly if it was immediately after the District Defendants became aware of the allegations against Haywood (which it was). Because plaintiffs do not allege when or how the District Defendants became aware of Haywood's actions, they also fail to properly allege that the District Defendants turned a blind eye. And plaintiffs certainly have not shown that the District Defendants "facilitated, approved, or condoned" the conduct.

Plaintiffs further argue that Dr. Witherspoon and Dr. Campbell failed follow their own policies, which, plaintiffs argue, required them to take certain action to help Jorie after she was a victim of misconduct. Resp. 6. Even assuming plaintiffs had adequately pleaded knowledge on the part of Dr. Witherspoon and Dr. Campbell (which they have not), the District Defendants' alleged failure to follow their own policies does not give rise to constitutional liability. *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987) ("The adoption of mere procedural guidelines, however, does not give rise to a liberty interest protected under the fourteenth amendment."), cert. denied,

485 U.S. 990 (1988); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982) ("The argument that the procedures established by the regulation can themselves be considered a liberty interest is analytically indefensible . . . even if [the] regulation provided a right to a hearing . . ., that procedural right is not accorded federal due process protection."). Also, as noted in the District Defendants' Motion to Dismiss, Dr. Campbell and Dr. Witherspoon's alleged failure to follow certain policies after Haywood's abuse of plaintiff (*see* Compl. ¶ 55) did not cause plaintiffs' constitutional injury, which was the abuse itself.

**2.**    **Plaintiffs Fail to Allege an Equal Protection Claim.**

To state an equal protection claim against Dr. Witherspoon and Dr. Campbell, plaintiffs must show that Dr. Witherspoon and Dr. Campbell, not just Haywood and Rhone, "intended to discriminate on the basis of a protected class." *Sandra T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009). In an attempt to defend their claim, plaintiffs point to just two paragraphs in the Complaint that allegedly establish that the District Defendants discriminated against plaintiff on the basis of her gender. Resp. 7, citing Compl.  ¶¶ 64, 66. Those two paragraphs fail to show any discrimination on the part of Dr. Campbell or Dr. Witherspoon. *See* Compl. ¶¶ 64, 66. And with respect to the allegations that Dr. Campbell and Dr. Witherspoon allegedly failed to "properly administer the [Board of Education's] nondiscrimination policy" (*id.* ¶ 65), as stated above, a failure to follow a school's own policies or procedures does not constitute a due process violation. *See Culbert*, 834 F.2d at 628. As further set forth in the District Defendants' Motion to Dismiss, the Complaint is devoid of facts supporting an equal protection claim.

**3.**    **Dr. Witherspoon and Dr. Campbell Are Alternatively Entitled to Qualified Immunity on Claims Arising from Their Discretionary Policy Decisions.**

Plaintiffs' argument against qualified immunity ignores that a significant basis of their claims against the District Defendants is Dr. Witherspoon's and Dr. Campbell's alleged failure to follow the district's policies in responding to the alleged abuse. Resp. 7-9. Plaintiffs claim that Dr. Witherspoon and Dr. Campbell did not disclose allegations about Haywood to students' parents, failed to provide Plaintiff accommodation and support to ameliorate the harm done by Rhone and Haywood, suppressed information about the allegations, and failed to "otherwise take actions to provide the safety and security" of Plaintiff. Compl. ¶ 55. As discussed in Defendants' Motion to Dismiss, qualified immunity protects Dr. Witherspoon and Dr. Campbell from liability for such alleged policy failures, which are discretionary functions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727, 2738 (1982).

Further, the Supreme Court stated that this inquiry is a question of law. *See Mitchell v. Forsyth*, 472 U.S. 511, 528, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985). Plaintiffs' allegations as to the District Defendants' policy decisions are sufficient, as a matter of law, to dismiss at the pleading stage. The Seventh Circuit stated that, because qualified immunity is an immunity from suit rather than a mere defense to liability, "it is a question that should be resolved as promptly as possible." *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999) (reversing district court's denial of a Rule 12(b)(6) motion on qualified immunity grounds). *See also John Does 1-30 v. Franco Productions*, 2000 U.S. Dist. LEXIS 9848, *5, No. 99 C 7885, 2000 WL 968827, *5 (N.D. Ill. July 13, 2000) (granting defendants' motion to dismiss on qualified immunity grounds).

## B.    Plaintiffs Fail to Meet the Requisite Elements of a Title IX Claim.

In response to Defendants' argument that the Board did not have actual notice of the conduct of Rhone and Haywood, plaintiffs argue that Dr. Witherspoon and Dr. Campbell's knowledge is imputed to the Board. While the knowledge of a school official may be imputed to the Board, the knowledge of teachers, as alleged in the Complaint, is not. *See* Compl. ¶¶ 43-46.

Moreover, plaintiffs fail to sufficiently allege Dr. Witherspoon and Dr. Campbell had actual knowledge. Plaintiffs also fail to sufficiently allege that the administrators and the Board were deliberately indifferent to any such knowledge.

As discussed above and in Defendants' Motion to Dismiss, plaintiffs never allege that the District Defendants had knowledge of Rhone's conduct. Rhone's termination alone is not evidence that the District Defendants had knowledge of the type of misconduct at issue in plaintiffs' Complaint. And, Plaintiffs' conclusory allegations as to the District Defendants' knowledge of Haywood's conduct do not show when, where or how the District Defendants gained such knowledge. Without such facts plaintiffs cannot establish that school officials were deliberately indifferent to any knowledge they gained, particularly because Haywood was terminated just four months after he started working at ETHS. *See Doe v. Durand School District 322*, No. 10 C 50047, 2010 U.S. Dist. LEXIS 110416, at *11-12 (N.D. Ill. Oct. 18, 2010) (dismissing Title IX claim based in part on the "temporal problem of failing to allege that the actual knowledge was gained at a time when defendants could have acted to end the harassment.").

Plaintiffs argue that they are not required to allege the defendants' knowledge in "exacting detail," but in the case plaintiffs rely on for this principle, *Doe v. White*, 627 F. Supp. 2d 905, 928 (C.D. Ill. 2009) (*see* Resp. 11), the plaintiff had provided much more detail as to the defendants' knowledge than plaintiffs do here. In *White*, the plaintiff alleged both the Principal and Assistant Principal were told, by three different sets of parents, over the span of two months, of the teacher's misconduct. *Id.* These school officials were also allegedly told that that teacher had a student give him massages underneath his clothes, that the teacher regularly isolated female students outside of classroom instruction, that the teacher held and bounced Jane Doe 11 on his lap in a strange manner, and that the children, just first graders, felt strongly enough to tell their parents that they

did not like teacher's touching. *Id.* In contrast, plaintiffs merely allege here that the officials, on information and belief, had knowledge or must have had knowledge based on the alleged widespread and frequent nature of the misconduct. Compl. ¶¶ 43-46. Plaintiff also allege Haywood texted to Jorie that teachers noticed the way she looked at him. Compl. ¶ 42. Even if teachers noticed that and said that to Haywood, that is not evidence the teachers were on notice that Haywood was acting inappropriately toward plaintiff. And it certainly is not evidence that the school officials were on notice of any misconduct by Haywood toward plaintiff. Plaintiffs' allegations fall far short of the requirement that school officials with the authority to take action had actual knowledge of the misconduct and were deliberately indifferent to it. *See Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1988). Plaintiffs' Title IX claim should be dismissed under Rule 12(b)(6) as a result.

### C. Plaintiffs Fail to Show a "Course of Conduct" Sufficient to State a Claim for Willful and Wanton Conduct.

The District Defendants are immune under Sections 2-201 and 3-108(a) of the Tort Immunity Act, and plaintiffs fail to allege facts supporting a finding of willful and wanton conduct to overcome such immunity. Plaintiffs argue that immunity does not apply here because they have alleged that the District Defendants acted willfully and wantonly by engaging in a "course of action that proximately caused the plaintiff's injuries, including having prior knowledge of similar incidents." Resp. 12, citing *S.J. v. Perspectives Charter Sch.*, 685 F. Supp. 2d 847, 858-59 (N.D. Ill. 2010). Plaintiffs claim that they have established this because the District Defendants had prior knowledge of Rhone's misconduct and fired him for such misconduct. Resp. 12. But that argument is not supported by any allegations in the Complaint. Again, plaintiffs never allege in the Complaint the District Defendants had knowledge of Rhone's misconduct. In their response, they claim Rhone was terminated based on sexual misconduct (Resp. 12), but that is not alleged in the

Complaint (and it could not be because it is not true). *See* Compl. ¶ 35. The Complaint simply alleges Rhone was terminated, without specifying why. *Id.*

Plaintiffs also allege Rhone and Haywood committed over 90 unauthorized and unlawful sexual assaults and/or acts, combined, but that alleged "course of continuing behavior" does not establish willful and wanton conduct because there are no facts showing that Dr. Witherspoon and Dr. Campbell were aware of such acts at any time other than immediately before Haywood was terminated. *See* Resp. 12. While Haywood and Rhone may have engaged in a continuing course of action, plaintiffs have made no showing that the District Defendants were aware of it or that they engaged in their own continuing course of action showing a deliberate intention to cause harm or an utter indifference to or conscious disregard for plaintiffs, which is the relevant inquiry here. Plaintiffs' willful and wanton failure to supervise claim should be dismissed. *See S.J.*, 685 F. Supp. 2d at 859.

**D.     The Board is Not Vicariously Liable for Plaintiffs' Claims Against Rhone and Haywood.**

Plaintiffs' response does not dispute that the Board cannot be held liable for Rhone and Haywood's alleged battery, sexual assault and harassment. Resp. 13-14. It is well-established that "an employer is not responsible for acts which are clearly inappropriate to or unforeseeable in the accomplishment of an authorized result." *Wright v. City of Danville*, 174 Ill. 2d 391, 675 N.E.2d 110, 118 (1996); *see also Richards v. United States Steel*, 869 F.3d 557, 566 (7th Cir. 2017); *Deloney v. Bd. of Educ. of Thornton Twp.*, 281 Ill. App. 3d 775, 783-84, 666 N.E.2d 792, 217 Ill. Dec. 123 (1996). For this reason, to the extent Counts 8 and 9 are intended to hold the Board vicariously liable for the acts of Rhone and Haywood, those claims should be dismissed.

## CONCLUSION

For these reasons stated above and in these Defendants' Motion to Dismiss, Defendants, the Board of Education of Evanston Township High School District 202, Eric Witherspoon, and Marcus Campbell, request that all claims against them in their individual and official capacities be dismissed with prejudice, and, in the alternative, that they be granted immunity on the claims against them under § 1983 and the Tort Immunity Act.

Date: June 22, 2020

**Defendants the Board of Education of Evanston Township High School District 202, Eric Witherspoon, and Marcus Campbell**


By: s/ Molly E. Thompson
    One of their attorneys

Charles A. LeMoine
CLeMoine@dykema.com
Rosa M. Tumialán
RTumialan@dykema.com
Molly E. Thompson
MThompson@dykema.com
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700
(312) 876-1155 (fax)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 22, 2020, I electronically filed the foregoing **Reply** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day and was served upon all counsel of record via the Court's CM/ECF system and email and/or mail.

By: /s/ Molly E. Thompson